OPINION OF THE COURT
ALDISERT, Circuit Judge.
Gregory Raysor appeals from an order of the District Court of the District of New Jersey revoking two terms of supervised release and imposing two concurrent sentences of eight months’ imprisonment and two years’ supervised release after Raysor violated a condition of both terms of supervised release. Raysor contends that the District Court did not consider adequately the relevant 18 U.S.C. § 3553(a) and non-Guidelines factors raised at sentencing and thereby failed to fashion a minimally sufficient, individualized sentence. We conclude that the District Court did not abuse its sentencing discretion and we will affirm.[1]
I.
Because we write only for the parties we will discuss only the relevant legal precepts and only those facts relating thereto.
In 2005, Raysor pled guilty to conspiracy to commit bank fraud in violation of 18 U.S.C. § 371. On January 13, 2006, he was sentenced to 24 months in prison, three years of supervised release and restitution. On January 15, 2007, Raysor escaped from Lewisburg Federal Correctional Institution. He was apprehended and later pled guilty to escaping from a correctional facility in violation of 18 U.S.C. § 751(a). He was sentenced to nine months of imprisonment and three years of supervised release. The conditions of supervised release ordered, in relevant part, that Raysor “shall not commit another federal, state, or local crime.” In November 2008, during a period of supervised release for both the escape and bank fraud sentences, Raysor was arrested in New York City while in possession of cocaine. He subsequently pled guilty to criminal possession of a controlled dangerous substance in New York City Criminal Court.
In November 2008, the United States Office of Probation filed a formal petition to revoke Raysor’s supervised release, alleging that Raysor had violated several conditions of his supervised release. Ray-sor pled guilty to committing another federal, state, or local crime, a grade C violation of his supervised release in both the bank fraud and escape sentences. The Government dismissed the remaining charges. The Federal Sentencing Guidelines provided an 8-14 month range for violation of supervised release in the escape sentence. U.S. Sentencing Guidelines Manual § 7B 1.4(a). The Guidelines provided a 6-12 month range for violation of supervised release in the bank fraud *752 sentence. Id. The statutory maximum was 24 months’ imprisonment for each violation with an additional term of supervised release. 18 U.S.C. § 3583(e)(3).
At sentencing, Raysor requested leniency based on mitigating factors pursuant to § 3553(a). He urged the District Court to limit his imprisonment to time served, with the remainder of the sentence to be served under house arrest with electronic monitoring. The District Court sentenced him to eight months of imprisonment with two years of supervised release for violating his supervised release in the escape sentence. The District Court sentenced him to an identical, concurrent sentence for violating his supervised release in the bank fraud sentence. The judgment was entered on January 27, 2009 and Raysor filed a timely notice of appeal on February 6, 2009.
II.
Revocation of supervised release is governed by 18 U.S.C. § 3583, which instructs a sentencing court to consider virtually all factors set forth in 18 U.S.C. § 3553 in imposing a sentence for violation of supervised release.[2] After United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), which rendered the Guidelines advisory, sentencing courts now have broad discretion in imposing sentences, subject to the requirement that they commence analysis with the properly calculated Guidelines range, adequately address the relevant § 3553(a) factors and fully consider all grounds properly advanced by the parties at sentencing. United States v. Vampire Nation, 451 F.3d 189, 196 (3d Cir.2006); see also United States v. Bungar, 478 F.3d 540, 543 (3d Cir.2007) (reasonableness requires the sentencing court to give “meaningful consideration” to the § 3553(a) factors and to reasonably apply those factors (quoting United States v. Cooper, 437 F.3d 324, 329 (3d Cir.2006))). A sentence imposed following revocation of supervised release is reviewed for procedural and substantive reasonableness. See United States v. Tomko, 562 F.3d 558, 567 (3d Cir.2009) (en banc); Bungar, 478 F.3d at 542 (applying reasonableness standard to revocation of supervised release). At both stages, the party challenging the sentence bears the burden of demonstrating unreasonableness and we review for abuse of discretion. Tomko, 562 F.3d at 567 (citing Gall v. United States, 552 U.S. 38, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007)); Bungar, 478 F.3d at 543 (our review is “highly deferential”). The sentencing court need not make findings on the record as to each factor if the record demonstrates that the court took the factors into account in sentencing. Bungar, 478 F.3d at 543; United States v. Lessner, 498 F.3d 185, 203 (3d Cir.2007). A sentence is not unreasonable simply because the sentencing court failed to give mitigating factors the weight the defendant contends they deserve. Lessner, 498 F.3d at 204. After examining the procedural propriety of the sentencing, we review the totality of the circumstances for substantive reasonableness. Gall, 128 S.Ct. at 597. Absent procedural error, we will affirm the sentencing court “unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided.” Tomko, 562 F.3d at 568.
III.
Raysor challenges his sentence as procedurally and substantively flawed. Raysor contends that his sentence was procedurally flawed because the District Court failed *753 to adequately consider the relevant § 3553(a) factors, instead strictly adhering to the Guidelines’ sentence range. Second, Raysor contends that his sentence is substantively flawed because the District Court failed to take into account relevant non-Guidelines factors, including his wife’s illness, the nature of the underlying violation, his drug addiction and his strong support network.
We reject both contentions. The record demonstrates that the District Court engaged in a textbook discussion of the applicable § 3553(a) factors. The District Court entertained argument from defense counsel, the United States, and Raysor himself before thoroughly analyzing each relevant factor and explaining both the type and duration of sentence imposed. The record further demonstrates that the District Court adequately addressed the non-Guidelines factors argued by Raysor at his sentencing.
The District Court did not strictly adhere to the Guidelines. The Court clearly understood its role, as evinced by its explanation of its statutory duty at sentencing:
So in looking at the sentence that’s sufficient but not greater than necessary to, one, promote respect for the law and reflect the seriousness of what occurred here.
(J.A. 26.) Contrary to Raysor’s argument that the District Court was not apprised of its discretion in sentencing, the Court acknowledged that it was not bound by the Guidelines and that it had discretion to consider mitigating factors raised by Ray-sor during sentencing:
And while I’ve accepted the plea of guilty in this matter, I’m not bound to impose any sentence other than what the Court feels in its discretion is appropriate.
(J.A. 24.)
The District Court addressed the substance of each relevant § 3553(a) factor in detail. The District Court considered the nature and circumstances of the offense and the history and characteristics of the defendant (§ 3553(a)(1)):
I did have the opportunity, Mr. Raysor, to read the violation notice as well as the presentence report.... And obviously there’s this escape charge, which is an additional aspect of your supervised release .... One, that obviously you’re on supervised release for two separate offenses for which you are now entering a plea of guilty because you’ve gotten arrested while you’re on supervised release. But also there have been just a number of non-compliant areas.
(J.A. 23-24, 26.) The District Court addressed the need to afford adequate deterrence and the need to protect the public from future crimes (§ 3553(a)(2)(B)-(C)), noting that “when a person is placed on supervised release, it is extremely important ... that people understand ... that these are requirements that you have to follow.” (J.A. 25.) Contrary to Raysor’s argument that the Court failed to address his need for rehabilitation versus incarceration, the District Court explicitly considered both Raysor’s drug addiction and his need for treatment (§ 3553(a)(2)(D)):
The bigger concern is there is a severe drug problem which requires, and certainly you need treatment for, and it appears based on the record and my conversations with your probation officer, that there has been, I don’t know if it’s an inability or whatever the case maybe [sic], it has resulted in your not seeking treatment and taking advantage of that treatment. I still think that that’s something that the Court should be concerned about and should try to fashion a sentence that could give you that opportunity to get treatment and try to rectify what maybe [sic] at the heart of a lot of the activity that you are involved in.
*754 (J.A. 24.) The District Court additionally considered the Guidelines and the applicable policy statements, while directly addressing Raysor’s request for an alternative sentence without further incarceration (§ 3553(a)(4)-(5)):
But what I think [defense counsel] is arguing for on your behalf, which is some type of electronic monitoring. I don’t think that gets to the heart of the problem, quite honestly, and that is the Court’s concern.
(J.A. 25-26.) Furthermore, the Court addressed the need to provide restitution to victims (§ 3553(a)(7)), noting that Raysor had not “paid a penny towards” his restitution obligation. (J.A. 25.) At sentencing and on appeal, Raysor has failed to present evidence of sentence disparities. He has not met his burden on appeal to prove that his sentence resulted in unwarranted sentencing disparities pursuant to factor § 3553(a)(6).
Raysor vigorously contends that the District Court disregarded his non-Guidelines argument that his wife’s stage-four ovarian cancer and attendant need for care were mitigating factors. To the contrary, the District Court explicitly addressed that argument during the sentencing hearing:
I did read the letter from Miss Johnson, and certainly her circumstances are very — I’m very sympathetic to her situation. And she appears to rely on you greatly. But the Court has a responsibility as well, and it’s a responsibility that goes beyond Miss Johnson.
(J.A. 24-25.) We have considered Ray-sor’s additional non-Guidelines arguments and conclude that he has not met his burden of demonstrating substantive unreasonableness by showing that “no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided.” Tomko, 562 F.3d at 568.
******
After reviewing the record, we find no merit in Raysor’s contention that the District Court failed to adequately consider the applicable § 3553(a) factors and erroneously focused only on the recommended Guidelines range. The record similarly controverts Raysor’s argument that the District Court disregarded non-Guidelines factors raised at sentencing and therefore failed to fashion a minimally sufficient, individualized sentence. At sentencing, the District Court entertained extensive argument and gave meaningful consideration to both the relevant § 3553(a) and the non-Guidelines factors to arrive at a sentence that was both procedurally and substantively reasonable. The District Court did not abuse its discretion under this Court’s ruling case law.
We have considered all the contentions presented by the Appellant and conclude that no further discussion is necessary.
The judgment of the District Court will be affirmed.

. The District Court had subject matter jurisdiction pursuant to 18 U.S.C. § 3231 and 18 U.S.C. § 3583(e)(3). We have jurisdiction pursuant to 18 U.S.C. § 3742(a)(1) and 28 U.S.C. § 1291.

. 18 U.S.C. § 3583(e) omits § 3553(a)(2)(A) (punitive purposes of sentencing) and § 3553(a)(3) (kind of sentences available) from the § 3553(a) factors to be considered when sentencing a defendant for violation of supervised release.